# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8057 | **DATE** | 3/15/2004 |
| **CASE TITLE** | Jones vs. Lucent Technologies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment. Judgment is, therefore, entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | 3-16-04 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 63 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/15/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office / mailing deputy initials MPJ | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT W. JONES, )
  )
    Plaintiff, )
  )
v. ) No. 02 C 8057
  )
LUCENT TECHNOLOGIES, INC., )
  )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Jones, born on May 9, 1954, claims that he lost his job with defendant Lucent Technologies, Inc. ("Lucent") due to age discrimination. Mr. Jones alleges that he relied on statements by his supervisor, Umesh Joshi, that a low performance rating would not be used for any purpose, and as a result did not challenge the rating when it was given to him. Mr. Jones alleges that his performance rating and Mr. Joshi's statements were the result of age bias and constituted common law fraud. Lucent and Mr. Jones seek summary judgment. I grant Lucent's motion and deny Mr. Jones' motion for the reasons stated below.

Mr. Jones claims that direct evidence of discrimination entitles him to summary judgment. Mr. Jones's evidence can be summarized as follows. In mid-2000, Mr. Joshi began supervising Mr. Jones. When Mr. Joshi asked Mr. Jones about his goals for the next two to five years, Mr. Jones replied that he hoped to retire at the end of four years. At the end of 2000, Mr. Jones was placed

into a Band 4 performance rating by Mr. Joshi. During Mr. Jones' performance review, in response to Mr. Jones' concerns, Mr. Joshi said, "Maybe I should explain. You're in the middle. I'm on the conference calls. I know the contribution you make. You're not on any list. This is just for my personal use." Mr. Jones did not challenge his performance rating, though he was aware of Lucent's process for doing so. On February 15, 2001, Mr. Jones was notified that because of his Band 4 rating, he was being placed "at-risk" for termination in an upcoming downsizing by Lucent. In April 2001, Mr. Jones was terminated.

Nothing in this summary suggests that Mr. Joshi placed Mr. Jones into a Band 4 performance rating because of age discriminatory reasons. Mr. Jones' motion for summary judgment on this count is denied, and he cannot survive summary judgment on this evidence.

While Mr. Jones claims to be proceeding under the direct method of proving age discrimination, the indirect method would not help him. To establish a prima facie claim under the indirect method, Mr. Jones must show that (1) he is a member of a protected class; (2) that he was meeting the legitimate business expectations of his employer; (3) that he suffered an adverse employment action; and (4) that other similarly-situated employees, not in the protected class, were treated more favorably. *Biolchini v. General Elec. Co.*, 167 F.3d 1151, 1153-54 (7th Cir. 1999) (citing *McDonnell-*

*Douglas v. Green*, 411 U.S. 792, 802 (1973)). Lucent argues that Mr. Jones cannot establish the second and fourth prongs of this test, and I agree.

The fact that Mr. Jones was given a performance rating in Band 4 shows that he was not meeting Lucent's legitimate business expectations. *See, e.g., Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 530-31 (7th Cir. 2003). Mr. Jones received such an unfavorable rating not just in 2000 but also in previous years. His statements that the rating was unwarranted are not sufficient to establish that he was, in fact, meeting Lucent's legitimate business expectations. *Id.*

Mr. Jones also cannot establish that younger, similarly-situated employees at Lucent were treated more favorably. Mr. Jones admits that no one younger than he was, who was also rated in Bands 4 or 5, was not terminated. While Mr. Jones argues that some of his job duties were given to a younger employee after his termination, that is not the test dictated by the law. *See, e.g., Pitasi v. Gartner Group, Inc.*, 184 F.3d 709, 716 (7th Cir. 1999). Mr. Jones' age discrimination claim also fails under the indirect method. Lucent's motion for summary judgment on Count I is granted.

Mr. Jones' common law fraud claim is that Mr. Joshi's statement during his 2000 performance review that "this is just for my personal use" misled him, resulting in his failure to challenge

3

his performance rating and his ultimate termination. Even if Mr. Joshi's statement was false, in order to establish a claim of fraud, Mr. Jones must have been defrauded of something. Mr. Jones was an at-will employee, who could have been terminated at any time. *See Stromberger v. 3M Co.*, 990 F.2d 974, 976-77 (7th Cir. 1993). He makes no showing that "but for" the statement by Mr. Joshi, he would not have been terminated. *Id.* at 978. While Mr. Jones argues that he would have challenged his performance rating had Mr. Joshi not made his statement, Mr. Jones does not show that this would have had any effect. In fact, Mr. Jones says that at least one other employee challenged her performance rating, to no effect. Mr. Jones has not shown that he was injured even if Mr. Joshi's statements were false. Mr. Jones' motion for summary judgment on Count II is denied, and Lucent's motion for summary judgment on Count II is granted.

**ENTER ORDER:**

*Elaine L. Bucklo*

--------
**Elaine E. Bucklo**
United States District Judge

Dated: March 15, 2004

4